BRAD YAMAUCHI (State Bar #73245)
MINAMI, LEW & TAMAKI LLP
360 Post Street, 8th Floor
San Francisco, California 94108-4903
Telephone No.: (415) 788-9000
Facsimile No.: (415) 398-3887
email: byamauchi@mltsf.com

Attorneys for Plaintiff
Mark E. Dickason

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark E. Dickason,<br><br>          Plaintiff,<br>vs.<br><br>John E. Potter, Postmaster<br>U.S. Postal Service<br><br>          Defendant. | Case No. C 05 3234 VRW<br><br>STIPULATED REQUEST FOR ORDER EXTENDING TIME TO COMPLETE MEDIATION AND [~~PROPOSED~~] ORDER<br><br>**[Local Rule 6-2]** |

       The parties jointly request an extension of the cutoff date for the parties to complete mediation under this Court's December 14, 2005 Case Management Order from March 31, 2006 to June 22, 2006.

       Additional time is needed in order to resolve a potential dispute regarding defendant's responses to plaintiff's discovery requests, as plaintiff believes that it is necessary for certain responses and documents to be obtained before a mediation can be held. *See* Exhibit A (Declaration of Brad Yamauchi). The additional time is necessary to allow the parties to resolve the potential discovery dispute and allow both parties to depose key witnesses before engaging in mediation.

| | | |
|---|---|---|
| DATED: | March 21, 2006 | MINAMI, LEW & TAMAKI |
| | | /s/ |
| | | _____ |
| | | Brad Yamauchi |
| | | Attorney for Plaintiff |
| DATED: | March 21, 2006 | KEVIN V. RYAN |
| | | United States Attorney |
| | | /s/ |
| | | _____ |
| | | Abraham Simmons |
| | | Assistant United States Attorney |

ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: March 27, 2006

IT IS SO ORDERED
Judge Vaughn R Walker

**Exhibit A**

BRAD YAMAUCHI (State Bar #73245)
MINAMI, LEW & TAMAKI LLP
360 Post Street, 8th Floor
San Francisco, California 94108-4903
Telephone No.: (415) 788-9000
Facsimile No.: (415) 398-3887
email: byamauchi@mltsf.com

Attorneys for Plaintiff
Mark E. Dickason

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark E. Dickason,<br><br>        Plaintiff,<br>vs.<br><br>John E. Potter, Postmaster<br>U.S. Postal Service<br><br>        Defendant. | Case No. C 05 3234 VRW<br><br>DECLARATION OF BRAD YAMAUCHI IN SUPPORT OF STIPULATED REQUEST FOR ORDER EXTENDING TIME TO COMPLETE MEDIATION AND [PROPOSED] ORDER<br>**[Local Rule 6-2]** |

I, Brad Yamauchi, hereby declare as follows:

1. I am a duly licensed attorney in the State of California and a partner with the law firm of Minami, Lew & Tamaki LLP. I declare that the following is true and with the exception of matters based on information and belief can testify about the matters contained herein if called upon to do so.

2. I am an attorney representing the Plaintiff in the above captioned matter.

3. On February 9, 2006, our office personally served Plaintiff's Interrogatories, Set No. One and Plaintiff's Document Requests, Set No. One. I granted Defendant's counsel, Abraham

Yamauchi Declaration Supp. Joint Stipulation
No C 05-3234 VRW                    1

1  Simmons, an extension until March 15, 2006 to serve Defendant's responses to these discovery requests.

2  

3  4. The parties previously agreed to mediate this matter with the court-appointed mediator Henry S. Hewitt on March 30, 2006.

5. On March 13, 2006, our office personally served notices for the depositions of Defendant's employees Isaac Wilson and Deborah Perez, to be held on March 23 and 24, 2006 respectively. Our office noticed these depositions with the understanding that we would have an opportunity to review Defendant's responses to and documents produced in response to Plaintiff's discovery requests before conducting the depositions.

6. On or around March 14, 2006, our office received Defendant's Responses to Plaintiff's Interrogatories, Set No. One and Plaintiff's Document Requests, Set No. One. Our office seeks additional responses to Plaintiff's discovery requests as well as documents responsive to those requests, because Plaintiff cannot conduct meaningful depositions of Defendant's employees or participate in a productive mediation without the requested additional responses and documents.

7. On March 20, 2006, Brian Kim, an attorney with our office, sent a meet and confer letter to Mr. Simmons via facsimile and electronic mail, discussing the need for Defendant to provide additional responses and documents. The letter explained that our office could not depose Mr. Wilson and Ms. Perez or participate in any mediation in a meaningful manner unless our office received the responses and document at issue. The letter stated that if the Defendant was not able to resolve the issues raised in the letter by March 24, 2006, Plaintiff would need to take the depositions and mediation off calendar and file a motion to compel further responses and documents. The parties understand that in the event of a discovery dispute, Judge Walker's Standing Order 1.5 requires that parties seek leave with the Court before any discovery motion can be filed.

8. On March 22, 2006, Mr. Simmons spoke with Mr. Kim via telephone and informed him that he was in the process of reviewing the March 20, 2006 meet and confer letter and would need additional time to determine if Defendant would dispute or comply with the issues outlined in the letter. In light of the parties' ongoing efforts to resolve the issues in the March 20, 2006 meet and confer letter, Mr. Simmons and Mr. Kim agreed to take the March 23 and March 24, 2006

depositions off calendar and reschedule the mediation.

9. Our office learned that June 1, 2006 is the Court's earliest available hearing date for a motion to compel. The parties propose that the mediation deadline be extended to June 22, 2006 to allow the following: 1) to allow the parties to resolve the discovery issues outlined in the March 20, 2006 meet and confer letter; 2) allow Plaintiff if necessary to file a motion to compel with a hearing date of June 1, 2006 if necessary and obtain a ruling from the Court; and 3) allow both parties to depose relevant witnesses before conducting a mediation.

10. No previous time modifications to the Court's December 14, 2005 Case Management Order were made by either of the parties. The parties do not anticipate that the proposed extension of the mediation would not have any effect on any other deadline imposed by the Case Management Order.

DATED:      March 21, 2006              Respectfully submitted

                                        /s/

                                        _____
                                        BRAD YAMAUCHI
                                        Attorney for Plaintiff

Yamauchi Declaration Supp. Joint Stipulation
No C 05-3234 VRW                        3