KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 10th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7264
    Facsimile:  (415) 436-6748
    Email:  abraham.simmons@usdoj.gov

Attorneys for Defendant John E. Potter, USPS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK E. DICKASON,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN E. POTTER, POSTMASTER U.S. POSTAL SERVICE,<br><br>        Defendant. | No. C 05-3234 VRW<br>**E-FILING CASE**<br><br>[PROPOSED] **PROTECTIVE ORDER AND ORDER DIRECTING DISCLOSURE OF DOCUMENTS AND INFORMATION OTHERWISE PROTECTED BY THE PRIVACY ACT** |

1. The United States Postal Service shall have the right to designate as subject to this Protective Order any document or other item subject to disclosure pursuant to Fed.R.Civ.P. 26 (a) or responsive to Plaintiffs discovery requests which is a record subject to the Privacy Act of 1974 or which contains or refers or relates to records which are subject to the Privacy Act of 1974.

2. Such documents or other tangible items must be designated as subject to this Protective Order by conspicuously stamping the phrase "SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" on each page or, in the case of other tangible items, by notifying the Plaintiff in writing.

3. Information designated as SUBJECT TO PROTECTIVE ORDER shall not be disclosed or disseminated to anyone, except:

    (a)    A party, counsel for any party and the employees of such counsel to whom it is

|    |    |     |                                                                                                                                                                                                                                                                                                                                                                       |
|----|----|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 1  |    |     | necessary that the information be disclosed for purposes of preparation for and |
| 2  |    |     | litigation of this action; |
| 3  |    | (b) | Any expert engaged by a party for the purpose of assisting in the preparation of |
| 4  |    |     | this litigation; |
| 5  |    | (c) | Any person who was involved in the preparation of the document or information; |
| 6  |    | (d) | The Court, the jury and court personnel, court reporters and persons engaged to |
| 7  |    |     | make copies, provided that all SUBJECT TO A PROTECTIVE ORDER |
| 8  |    |     | information filed with the Clerk of Court shall be filed under seal and shall be |
| 9  |    |     | released only upon agreement among all parties, or pursuant to the terms of this |
| 10 |    |     | Order, or by order of the Court; |
| 11 |    | (e) | Any other person, entity, or firm with the prior written consent of the parties. |
| 12 | 4. |     | Each person to whom SUBJECT TO A PROTECTIVE ORDER information will be |
| 13 |    |     | disseminated (other than the parties, attorneys for the parties, and the attorneys' |
| 14 |    |     | employees, the Court, the jury, court personnel, and court reporters) will be required, |
| 15 |    |     | prior to any such dissemination, to receive and read a copy of this PROTECTIVE |
| 16 |    |     | ORDER and to agree, in writing, to be bound by the terms of this Order and personally |
| 17 |    |     | subject to the jurisdiction of this Court for the purposes of enforcement hereof in the form |
| 18 |    |     | attached hereto as Exhibit A. Counsel for any party receiving SUBJECT TO |
| 19 |    |     | PROTECTIVE ORDER information and disseminating same shall maintain a list of all |
| 20 |    |     | such persons along with the written agreement of each person, and shall provide copies of |
| 21 |    |     | such written agreements upon request to other parties at any time. |
| 22 | 5. |     | When any SUBJECT TO PROTECTIVE ORDER information, documents, discovery |
| 23 |    |     | responses, portions of transcripts or any other pleadings or papers disclosing or referring |
| 24 |    |     | to such SUBJECT TO A PROTECTIVE ORDER information are used in connection |
| 25 |    |     | with any motion or pretrial hearing, or are otherwise submitted to the Court, they shall be |
| 26 |    |     | filed under seal and marked as follows: |
| 27 |    |     |     |
| 28 |    |     |     |

Protective Order
C 05-3234 VRW                                                   2

1  CONFIDENTIAL/SUBJECT TO A PROTECTIVE ORDER: This envelope
2  contains documents that are subject to a protective order of this Court. The
3  contents are not to be revealed to anyone except the Court, or with the prior
4  written consent of the parties herein, or pursuant to any order of this Court. If the
5  contents are thus revealed, they shall thereafter be resealed.

6. All documents and other discovery produced or obtained in the course of this litigation marked SUBJECT TO A PROTECTIVE ORDER shall be used for the sole and limited purpose of preparation for and trial of this action and shall not be used for any other purpose.

7. Within thirty (30) days of the close of this litigation for any reason, each party shall retrieve all copies of materials marked SUBJECT TO A PROTECTIVE ORDER from his or its own files, and from experts or other persons to whom he or it has provided such materials consistent with this Order, and shall do one of the following: (1) return to the designating party all such materials, including all copies thereof, produced by such designating party during the action or (2) certify in writing to the designating party that all such materials produced by such other party during this action have been destroyed. All information protected by this Order which has been placed in any computer data bank shall be completely erased, and any documents listing or summarizing information protected by this Order shall be destroyed within the same period.

8. Nothing herein contained shall be construed to preclude or limit any party from opposing any discovery on any ground that would otherwise be available. Entry of this Order shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Order and any consent hereto constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof. This Order shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

1 | 9. Nothing herein shall be construed to preclude or limit the presence of any individual at
2 | any hearing in or the trial of this action.
3 | 10. Upon entry of this order, defendant shall not refuse to produce documents or information
4 | on the sole ground that such documents or information are protected from disclosure
5 | by the Privacy Act. ~~By complying with this Order, defendant and his agents are relieved~~
6 | ~~of any penalties to which they would otherwise be subjected pursuant to Title 5, section~~
7 | ~~552a, United States Code.~~
8 |
9 | Dated: 11 OCT 2006
        UNITED STATES DISTRICT JUDGE

Protective Order
C 05-3234 VRW                                     4

## EXHIBIT A PROTECTIVE ORDER

I hereby certify that I have read the PROTECTIVE ORDER entered in the above captioned litigation. I hereby agree to be bound by the terms of the PROTECTIVE ORDER and to submit personally to the jurisdiction of the United States District Court for the Northern District of California for purposes of enforcing my agreement to be bound by the terms of the PROTECTIVE ORDER.

DATED: _____

_____
[PRINT NAME]

_____
[SIGNATURE]